Filed 11/20/23  P. v. Edwards CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ANTHONY EDWARDS,<br><br>    Defendant and Appellant. | H050789<br>(Santa Cruz County<br>Super. Ct. No. F22711) |

In 2015, a jury found Charles Anthony Edwards guilty of first-degree murder. The jury also found true allegations that Edwards used a deadly weapon in the commission of the murder.  The trial court sentenced Edwards to a total term of 88 years to life in prison.

In 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Edwards' case as eligible for the dismissal of any enhancements imposed pursuant to Penal Code section 667.5, subdivision (b),[1] which had been declared legally invalid pursuant to Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill 483).  After a hearing, the trial court declined to dismiss the enhancements and resentence Edwards.

On appeal, Edwards argues that the trial court erred in declining to strike the enhancements.  The Attorney General concedes that the trial court erred but contends that a remand for resentencing is not required as this court may simply strike the enhancements.

---

[1] Undesignated statutory references are to the Penal Code.

For the reasons explained below, we reverse the trial court's order declining to dismiss the enhancements and reduce Edwards' sentence, and remand with directions for the trial court to resentence Edwards.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background[2]

On May 7, 2012, Edwards attacked Shannon Collins, a woman whom he did not know, as she was walking on Broadway in Santa Cruz.  (*People v. Edwards* (2017) 11 Cal.App.5th 759, 761 (*Edwards*).)  He stabbed her neck and torso 12 times.  (*Ibid.*)  As Collins bled to death, Edwards dropped his jacket and his knife near her body, walked away, and threw his bloodstained shirt into a nearby garbage can.  (*Ibid.*)  Shortly thereafter, Edwards was arrested a few blocks away from the crime scene, with blood spatter on his hands, head, and shoes.  (*Ibid.*)

### B.    Procedural Background

### 1.  Charges, Verdict, and Original Sentence[3]

On August 12, 2013, the Santa Cruz County District Attorney's Office filed a first amended information charging Edwards with the murder of Collins (§ 187, subd. (a); count 1).  The information also alleged that in the commission of the murder, Edwards personally used a deadly weapon, a knife.  (§§ 12022, subd.(b)(1); 1192.7, subd. (c)(23).) The information further alleged that Edwards had previously been convicted of assault with a deadly weapon (§ 245, subd. (a)), battery with serious bodily injury (§ 243, subd. (d)), and criminal threats (§ 422), which constituted prior strike offenses pursuant to section 667, subdivisions (b) through (i), and serious felonies pursuant to section 667, subdivision (a)(1).  It was also alleged that Edwards was previously convicted of gassing

---

[2] We derive our facts from this court's published opinion in Edwards' first appeal.

[3] This information is taken from the record in Edwards' first appeal (No. H042144), which this court granted judicial notice of on March 13, 2023 (Appellant's request) and August 17, 2023 (Respondent's request).

upon another person while in state prison (§ 4501.1) and had served prison terms for his prior offenses of assault with a deadly weapon, battery, criminal threats, and gassing. (§ 667.5, subd. (b).)

Edwards entered a plea of not guilty and not guilty by way of insanity.

On February 4, 2015, a jury convicted Edwards of murder (count 1). The jury found true the allegation that Edwards had used a deadly weapon in the commission of the murder. Following testimony regarding Edwards' sanity, the jury found that Edwards had been sane at the time of the offense.

After the jury verdict, Edwards admitted to the allegations regarding his prior convictions for assault with a deadly weapon and criminal threats. The parties also stipulated that Edwards had been previously convicted of gassing upon another person while in prison. Following a court trial, the court found true the allegation regarding Edwards' prior conviction for battery with serious bodily injury.

On March 26, 2015, the trial court sentenced Edwards to 25 years to life in state prison for murder (count 1), which was tripled to 75 years to life based on his prior strike convictions. (§ 667, subd. (b)-(i).) The court also imposed two consecutive five-year terms for Edwards' prior convictions for assault with a deadly weapon and criminal threats (§ 667, subd. (a)(1)) and one consecutive one-year term for the deadly weapon enhancement (§ 12022, subd. (b)(1).) Finally, the court imposed two consecutive one-year terms for Edwards' prior convictions of battery with serious bodily injury and gassing upon another person, which had resulted in prison terms. (§ 667.5, subd. (b).)

Edwards subsequently appealed, challenging the jury's sanity finding. (*Edwards, supra,* 711 Cal.App.5th at p. 761.) This court affirmed the judgment. (*Ibid.*)

### 2. *Senate Bill 483 Proceedings*

On June 16, 2022, the CDCR published a list of inmates whose sentences included enhancements imposed pursuant to section 667.5, subdivision (b), thus making them

3

eligible for resentencing under Senate Bill 483. Edwards' name and case number from the instant matter appeared in this list.

On February 6, 2023, the trial court held a hearing on resentencing pursuant to Senate Bill 483. At that time, Edwards' counsel requested that the two one-year enhancements imposed pursuant to section 667.5, subdivision (b) be stricken on the grounds that these enhancements were no longer valid. Defense counsel also requested that the court consider striking the two five-year enhancements imposed pursuant to section 667, subdivision (a)(1).[4] In making this request, Edwards' counsel noted that Edwards' sentence was 88 years to life; therefore, reducing 12 years from this sentence would not create a public danger as he would still be serving a "lengthy, lengthy, lengthy sentence if he ever [got] out." The prosecution opposed the request, citing how "horrifying" Edwards' crime was and arguing that any modification to the sentence would pose a public safety risk.

The trial court ultimately declined to resentence Edwards. In making its decision, the trial court noted that it remembered the circumstances of the offense, the verdict, and the trial, and that it did not believe the circumstances of the offense "len[t] themselves to any type of adjustment or modification" of the original sentence.

Edwards timely appealed.

## II. DISCUSSION

Edwards argues that the trial court erred in declining to dismiss the enhancements because it failed to demonstrate reduction of his sentence would endanger public safety as required by Senate Bill 483, which enacted what is now section 1172.75. The Attorney General concedes that the trial court should have stricken the enhancements but

---

[4] Although not stated by defense counsel in her argument, it appears this request may have been pursuant to Senate Bill No. 1393 (2017-2018 Reg. Sess.), which amended section 1385 to give trial courts discretion to strike enhancements in the furtherance of justice.

4

argues that remand for resentencing would not serve any purpose as the trial court already imposed the maximum possible sentence; therefore, this court should simply strike the enhancements.

For the reasons below, we agree that the trial court erred in not striking the enhancements but find that a remand for resentencing is required based on the express language of section 1172.75.

### A. *Legal Principles and Standard of Review*

Prior to January 2020, subdivision (b) of section 667.5 permitted enhancements for any prior prison term for a felony. (Stats. 2018, ch. 423, § 65.) Effective January 1, 2020, however, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.), which amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses only. (Stats. 2019, ch. 590, § 1.) The Legislature subsequently passed Senate Bill 483, which made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered as section 1172.75. (Stats. 2022, ch. 58, § 12.) Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also provides that the Secretary of the CDCR shall identify individuals in its custody currently serving a term for judgment involving such enhancements, and to provide each individual's information, including his or her name, date of birth, and relevant case or docket number, to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) Once the trial court has received such information and confirmed that the current judgment includes a prior prison term enhancement that is now legally invalid, the trial court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Further, the trial court is directed to follow specific instructions while resentencing. (§ 1172.75, subd. (d).) For example, section 1172.75, subdivision (d)(1)

5

provides that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  In addition, when resentencing, the court "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

As this matter is one of statutory interpretation, namely, the scope of a statutory scheme, we review the trial court's decision *de novo.*  (See *People v. Jimenez* (2020) 9 Cal.5th 53, 61.)  In so doing, "[w]e look first to ' "the language of the statute, affording the words their ordinary and usual meaning and viewing them in their statutory context." '  [Citation.]  We must construe statutory language in context, bearing in mind the statutory purpose, and giving effect to the intended purpose of an initiative's provisions.  [Citations.]"  (*Ibid.*)

### B.  The Trial Court Erred in Declining to Dismiss the Section 667.5 Enhancements as Required Under Section 1172.75

Edwards claims that while the trial court stated it had reviewed the case, the court failed to cite any clear and convincing evidence that the reduction of Edwards' 88 years to life sentence by two years would endanger public safety, as required under section 1172.75, subdivision (d)(1).  Edwards further argues that no such finding could have been

6

made, given that he is already 55 years old, and his earliest parole release date – if the enhancements were stricken - would only be in 2075, when he would be over 100 years old. Edwards therefore contends that the likelihood of him endangering public safety upon his release is "not just remote, it is impossible."

In conceding that the trial court erred, the Attorney General notes that the language of section 1172.75, when read as a whole, does not convert a legally invalid section 667.5 enhancement into a valid one if the court finds clear and convincing evidence that a lesser sentence would endanger public safety. Accordingly, even if such a finding is made, this is only pertinent to the trial court's decision whether to impose a lesser sentence, and the trial court must still strike the legally invalid section 667.5 enhancements.

The Attorney General's concession is well-taken. Section 1172.75, subdivision (d)(1) clearly states that resentencing *shall* result in a lesser sentence than the original sentence as a result of *the elimination of the enhancements*, unless the court finds by clear and convincing evidence that a lesser sentence would endanger public safety. Therefore, based on the plain language of the statute, the trial court was required to strike the legally invalid section 667.5 enhancements before proceeding with resentencing. (See, e.g. *People v. Monroe* (2022) 85 Cal. App. 5th 393, 402 [noting that the plain language of section 1172.75 involves both striking the enhancements and conducting a full resentencing].) Accordingly, the trial court erred by failing to strike the enhancements.

Further, as noted by Edwards, the record does not reflect that the trial court cited clear and convincing evidence that a lesser sentence would endanger public safety. Under section 1385, " '[e]ndanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) Although the trial court indicated its familiarity with the circumstances of the crime, it did not identify any specific facts demonstrating that a lesser sentence would result in physical injury or other serious danger to others. As

7

section 1172.75, subdivision (d)(1) mandates that a lesser sentence be imposed unless such a finding is made, we find that the trial court erred in declining to resentence Edwards.

## C. *Remand is Required for a Full Resentencing as Contemplated Under Section 1172.75*

Although the Attorney General concedes that the enhancements should have been stricken, he contends that a remand for resentencing is not required as this court may simply strike the enhancements. In making this argument, the Attorney General relies on *People v. Gastelum* (2020) 45 Cal.App.5th 757 (*Gastelum*), which also involved a prior prison enhancement imposed under section 667.5, subdivision (d). In that case, the appellate court found that the enhancement could no longer be imposed on the defendant based on a recent amendment to section 667.5; however, the court simply struck the enhancement and did not remand for resentencing. (*Gastelum, supra,* 45 Cal.App.5th at pp. 772-773.) The court noted that "[when]… an enhancement is erroneously imposed and the trial court has already imposed the maximum possible sentence, a remand for resentencing is unnecessary. [Citation.] We may simply strike the enhancement and affirm the judgment as modified. [Citation.]" (*Id.* at p. 773.) The Attorney General therefore argues that since the maximum possible sentence was imposed in the instant matter, this court should similarly strike the enhancements without remanding.

We disagree. *Gastelum* was decided prior to the passage of Senate Bill 483 and the enactment of what is now section 1172.75. As discussed above, section 1172.75, subdivision (d) expressly contemplates a full resentencing that not only considers the dismissal of the legally invalid section 667.5 enhancements, but also applies any ameliorative changes in the law and examines any relevant postconviction factors. (See § 1172.75, subd. (d)(1)-(3).) Accordingly, a remand for a full resentencing is required.

### III.  DISPOSITION

The judgment of conviction is reversed, the sentence is vacated, and the matter is remanded for resentencing.  The trial court is directed to resentence Edwards under the current law.

_____
Wilson, J.


WE CONCUR:



_____
Greenwood, P.J.




_____
Bamattre-Manoukian, J.




People v. Edwards
H050789